NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 21 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-55716 |
| Plaintiff-Appellee, | D.C. No. 8:14-cv-00998-JVS |
| v. | |
| HUNG XUAN DONG, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted November 4, 2019**
Pasadena, California

Before:  MURGUIA and HURWITZ, Circuit Judges, and GUIROLA,*** District Judge.

Hung Xuan Dong appeals the district court's denial of his motion pursuant to

28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  We have jurisdiction

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Louis Guirola, Jr., United States District Judge for the Southern District of Mississippi, sitting by designation.

under 28 U.S.C. §§ 1291 and 2253(a), and we affirm.

Dong argues that his counsel was ineffective in failing to timely communicate a three-level reduction offer by the government and incorrectly advising him to reject the offer. At an evidentiary hearing, the district court found Dong's counsel was credible and Dong was not credible. The district court also found that counsel's performance was not deficient, and, in any event, Dong was not prejudiced by his counsel's performance.

This Court reviews claims of ineffective assistance of counsel *de novo*. *Beardslee v. Woodford*, 358 F.3d 560, 569 (9th Cir. 2004). We review the district court's factual findings for clear error. *Id.*

The district court did not err in denying Dong's motion because, even if his counsel was ineffective, Dong suffered no prejudice. *See Strickland v. Washington*, 466 U.S. 668, 691 (1984) ("An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."). Counsel testified that Dong was not interested in cooperating with the government or pleading guilty, and he would not take a plea that could expose him to a sentence of ten years or more. The district court reasonably found that testimony credible, and Dong's contrary testimony not credible. Dong's previous lawyers had recommended that he plead guilty and cooperate, but he instead insisted on pursuing dismissal of the case for government

2

misconduct, an argument his previous lawyers considered frivolous. Thus, Dong has not demonstrated that he would have accepted the plea deal but for counsel's alleged ineffectiveness. *See Lafler v. Cooper*, 566 U.S. 156, 163 (2012) ("In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice.").

**AFFIRMED**.